# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAQUILLE HAZELWOOD,

    Petitioner,

vs.

HOWARD SKOLNIK, et al.,

    Respondents.

Case No. 3:14-cv-00022-LRH-WGC

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (ECF No. 18), respondents' motion to dismiss (ECF No. 26), petitioner's opposition (ECF No. 28), and respondents' reply (ECF No. 31). The court finds that petitioner has not exhausted ground 1(A)(1) of the first amended petition. The court also finds that the ground would be procedurally defaulted if petitioner returned to state court to exhaust the ground. Petitioner does not argue that he is actually innocent, and the court finds that petitioner has not shown cause and prejudice to excuse the procedural default. The court dismisses ground 1(A)(1).

    Petitioner was charged with committing one count each of murder with the use of a deadly weapon[1] and robbery with the use of a deadly weapon. Ex. 4 (ECF No. 19-4). Petitioner was aged 15 at the time of the crimes and 16 at the time of the trial. Alzora Jackson of the Clark County Special Public Defender's Office represented petitioner. Petitioner agreed to plead guilty one count

---

[1] Open murder is a charge of first degree murder which includes the lesser offenses of second degree murder, voluntary manslaughter, and involuntary manslaughter. Nev. Rev. Stat. § 175.501; Miner v. Lamb, 464 P.2d 451, 453 (Nev. 1970).

each of voluntary manslaughter with the use of a deadly weapon and robbery with the use of a deadly weapon. Ex. 10 (ECF No. 19-10) (written guilty plea agreement), Ex. 11 (ECF No. 19-11) (amended information), Ex. 12 (ECF No. 19-12) (transcript of change-of-plea hearing). The written guilty plea agreement contained an error. It stated that petitioner was eligible for probation on count 2, robbery with the use of a deadly weapon. At the time, Nev. Rev. Stat. § 193.165(4)[2] stated, with emphasis added:

> The court shall not grant probation to or suspend the sentence of any person who is convicted of using a firearm, other deadly weapon or tear gas in the commission of any of the following crimes:
>
> (a) Murder;
> (b) Kidnapping in the first degree;
> (c) Sexual assault; or
> (d) <u>Robbery</u>.

At what was scheduled as the sentencing hearing, petitioner himself stated that he wanted to withdraw his plea because of the error in the written plea agreement. The prosecutor read through the transcript of the change-of-plea hearing and realized that petitioner had not been admonished about which crimes, if any, were ineligible for probation. Ex. 18, at 8 (ECF No. 37-1, at 9). The trial court did not proceed with the sentencing. To avoid a conflict of interest, the trial court appointed James Ruggeroli, a contract attorney, to review the file and consult with petitioner about withdrawing his plea. <u>Id.</u> at 9-10 (ECF No. 37-1, at 10-11). Petitioner then filed a formal motion to withdraw his plea. Ex. 19 (ECF No. 19-19). The state district court granted the motion and re-appointed Jackson to represent petitioner for the trial. Ex. 20, at 4-5 (ECF No. 19-20, at 5-6).

      Petitioner went to trial. The jury found him guilty of first-degree murder with the use of a deadly weapon and attempted robbery with the use of a deadly weapon. Ex. 47 (ECF No. 21-5). For the count of murder, the trial court sentenced petitioner to life imprisonment with eligibility for parole starting after 20 years, plus an equal and consecutive sentence for the use of a deadly weapon. For the count of attempted robbery, the trial sentenced petitioner to prison for a maximum term of 60 months and a minimum term of 24 months, plus an equal and consecutive sentence for the use of

---

[2]After an amendment in 2007, it is now Nev. Rev. Stat. § 193.165(5).

a deadly weapon. The sentences for the count of attempted robbery run concurrently with the sentences for the count of murder.[3] Ex. 49 (ECF No. 21-7).

Petitioner appealed. Ex. 50 (ECF No. 21-8). The Nevada Supreme Court affirmed. Ex. 55 (ECF No. 22-4).

Petitioner then filed a proper-person post-conviction petition for a writ of habeas corpus in the state district court. Ex. 58 (ECF No. 22-7). The state district court appointed counsel. Ex. 63 (ECF No. 22-12). Counsel filed a supplemental petition Ex. 64 (ECF No. 22-13). The state district court denied the petition. Ex. 73 (ECF No. 22-22). Petitioner appealed. Ex. 75 (ECF No. 22-24). The Nevada Supreme Court affirmed. Ex. 79 (ECF No. 22-28).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Ground 1 contains two claims of ineffective assistance of trial counsel with regard to the withdrawal of petitioner's guilty plea. In ground 1(A)(1), petitioner claims that Ruggeroli, the conflict counsel appointed to assist petitioner in determining whether to continue to try to withdraw the plea, provided ineffective assistance with the advice that he gave petitioner. In ground 1(A)(2), petitioner claims that Jackson provided ineffective assistance because she did not move for the appointment of a guardian ad litem, who would have made the decision on petitioner's behalf whether to withdraw his plea.

Respondents argue that ground 1(A)(1) is not exhausted. The court finds petitioner's arguments how he presented this claim to the state courts to be unpersuasive.

///

---

[3]The statute governing deadly-weapon sentences, Nev. Rev. Stat. § 193.165, was amended effective July 1, 2007. Although petitioner was sentenced in 2009, he committed the crimes prior to the effective date of the amendment, and the trial court sentenced him under the old version of § 193.165.

-3-

1     First, petitioner argues that he raised this claim on direct appeal. On direct appeal, petitioner claimed that the state district court erred in allowing petitioner to withdraw his guilty plea. In his opening brief, petitioner argued that the state district court should have held an evidentiary hearing in which Jackson, among others, could have testified about whether petitioner knew at the time he entered his plea that he was ineligible for probation. Ex. 51, at 24, 26 (ECF No. 22, at 29, 31). Petitioner reinforced this argument in his reply brief. Ex. 53, at 6 (ECF No. 22-2, at 10). However, ground 1(A)(1) is a claim that Ruggeroli, not Jackson, provided ineffective assistance in his advice to petitioner on withdrawing the plea. The court cannot impute the advice of one attorney to the other in this case, because Ruggeroli was appointed a counsel independent of Jackson specifically to avoid a conflict of interest.

Second, petitioner argues that he presented the issue to the Nevada Supreme Court in his post-conviction habeas corpus proceedings. The state district court made this ruling:

> 11.   Trial counsel advised Defendant of the consequences of withdrawing his guilty plea and the possibility of receiving a harsher sentence if he were to be convicted at trial. Trial counsel strongly discouraged Defendant from withdrawing his guilty plea and proceeding to trial due to the risk it posed in exposing him, if convicted, to a more severe sentence than contemplated in the [guilty plea agreement]. Counsel cannot be deemed ineffective for Defendant's decision to reject counsel's advice[.]

Ex. 73, at 3 (ECF No. 22-22, at 4). The state district court did not identify who trial counsel was in that paragraph. Petitioner then points to his opening brief and his reply brief on the appeal from the denial of the petition. See Ex. 76, at 9-11 (ECF No. 22-25, at 15-17), Ex. 78, at 2, 3 (ECF No. 22-27, at 6, 7). However, petitioner was arguing on appeal that Jackson was ineffective for not moving for the appointment of a guardian ad litem, not that Ruggeroli was ineffective in his advice to petitioner. Again, the identity of the counsel at issue is different. Petitioner never did present the issue in ground 1(A)(1) to the Nevada Supreme Court.

Petitioner then argues that even if ground 1(A)(1) is unexhausted, the court should deem it to be technically exhausted and procedurally defaulted because the state courts would apply state-law procedural bars against untimely and successive petitions to dismiss any subsequent post-conviction habeas corpus petition. Petitioner then argues that he can demonstrate cause and prejudice to excuse the procedural default because he had ineffective assistance of post-conviction counsel.

-4-

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller–El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

Martinez v. Ryan, 132 S. Ct. 1309, 1318-19 (2012).  The Court later held that Martinez applies to procedurally defaulted claims of ineffective assistance of trial counsel in states that technically allow a person to raise an ineffective-assistance claim on direct appeal but actually provide no meaningful opportunity to develop the claim.  Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013). Nevada generally requires a person to raise claims of ineffective assistance of counsel in state court through a post-conviction habeas corpus petition, unless the state district court had developed the facts of the claim before the filing of the direct appeal.  Gibbons v. State, 634 P.2d 1214 (Nev. 1981).  The Nevada Supreme Court has declined to follow Martinez, and it does not allow ineffective assistance of post-conviction counsel to be cause to excuse the procedural bars of § 34.726 and § 34.810.  Brown v. McDaniel, 331 P.3d 867, 870-75 (Nev. 2014).

      If petitioner had any other argument for cause and prejudice, or if petitioner argued that a fundamental miscarriage of justice had occurred because he is actually innocent, then the court would not deem ground 1(A)(1) to be procedurally defaulted.  The state procedural bars of § 34.726(1) and § 34.810 allow a person to demonstrate cause and prejudice to excuse the operation of those bars, and, other than Martinez, Nevada's standards for cause and prejudice are virtually identical to federal standards for cause and prejudice.  See Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).  If petitioner had a better argument that post-conviction counsel was ineffective, the court still might have required petitioner to return to state court.  Brown v. McDaniel was not without dissent, and that dissent has been consistent in subsequent cases.  The Nevada Supreme Court might come to re-evaluate Brown, particularly if it determines that equity and the deferential standard of review of 28 U.S.C. § 2254(d) is more favorable than its interests in the finality of criminal judgments that are subject to de novo federal review.

This is not that case.  Petitioner only argues ineffective assistance of post-conviction counsel as cause and prejudice, and he does not argue that he is actually innocent.  The court's review of the record shows that the lack of presentation of the issue in ground 1(A)(1) was not due to ineffective assistance of post-conviction counsel.

> First, to establish "cause," [petitioner] must establish that his counsel in the state postconviction proceeding was ineffective under the standards of Strickland.  Strickland, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different.  See Strickland, 466 U.S. at 687, 694.  Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  Martinez, 132 S. Ct. at 1318.

Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014) overruled on other grounds by McKinney v. Ryan, 813 F.3d 798 (9th Cir. 2015).

As petitioner presents it now, he has two claims of ineffective assistance of trial counsel regarding the withdrawal of his plea.  First is the unexhausted ground 1(a)(1), claiming that Ruggeroli failed to become familiar with the case and gave petitioner poor advice regarding the withdrawal of his plea.  Second is the exhausted ground 1(a)(2), claiming that Jackson failed to move for appointment of a guardian ad litem, who, in place of petitioner, would have decided whether to withdraw his plea.  Of the two claims, the first is the weaker.  Jackson had advised petitioner strongly not to try to withdraw his plea.  Ex. 18 (ECF No. 19-18).  The trial court warned petitioner that if he withdrew his plea, went to trial, and was found guilty, then petitioner would receive a much more severe sentence.  Ex. 20, at 4 (ECF No. 19-20, at 5).  The prosecutor stated that he had offered the plea agreement based upon petitioner's youth, that it was a mistake in hindsight, that petitioner should be careful about what he was asking for, and that he was hoping for a sentence of life imprisonment without eligibility for parole.[4]  Ex. 20, at 3-4 (ECF No. 19-20, at 4-

---

[4]Legislation has superseded the prosecutor's wishes and the actual two consecutive sentences of life imprisonment with eligibility for parole after 20 years.  Petitioner killed one person.  Nev. Rev. Stat. § 213.12135, enacted in 2015 and applicable retroactively, states in relevant part:

> 1.   Notwithstanding any other provision of law, except as otherwise provided in subsection 2 or unless a prisoner is subject to earlier eligibility for parole pursuant to any

5). With all those warnings in the record, and petitioner still deciding to withdraw his plea, post-conviction counsel reasonably could have concluded that a claim that Ruggeroli failed to give yet one more warning had little chance of success. Post-conviction counsel also reasonably could have concluded that the claim would have been a distraction from her other ineffective-assistance claim, that a guardian <u>ad litem</u> should have been the one who would have made the decision for petitioner. The court finds that petitioner did not receive ineffective assistance of post-conviction counsel, and thus petitioner has not shown cause for the procedural default of ground 1(A)(1).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 26) is **GRANTED**. Ground 1(A)(1) is **DISMISSED** with prejudice as procedurally defaulted.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 8th day of August, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

other provision of law, a prisoner who was sentenced as an adult for an offense that was committed when he or she was less than 18 years of age is eligible for parole as follows:

. . .

(b) For a prisoner who is serving a period of incarceration for having been convicted of an offense or offenses that resulted in the death of only one victim, after the prisoner has served 20 calendar years of incarceration, including any time served in a county jail.